Jasen, J. (concurring).
While I am in accord with the majority’s analysis of the search and seizure issues, I cannot accept the overly broad statements made in furtherance of the holding that the voluntary Review Board interview was not admissible in evidence. I agree that the interview should have been suppressed, but my conclusion is based solely on the controlling authority of People v Hobson (39 NY2d 479), which the majority does not even cite. In Hobson, we held that "[o]nce a lawyer has entered a criminal proceeding representing a defendant in connection with criminal charges under investigation, the defendant in custody may not waive his right to counsel in the absence of the lawyer.” (39 NY2d, at p 481 [emphasis added].) Here, the defendant was in custody and had an assigned attorney when the police representative of the Review Board conducted the interview within the confines of a detention facility. It is true that the interview resulted from a complaint voluntarily initiated by the defendant and that the Review Board representative gave the defendant the standard preinterrogation warnings prior to the interview. (Miranda v Arizona, 384 US 436.) Even though defendant acknowledged understanding his rights, his waiver of the right to counsel was ineffective, since the waiver took place in a detention facility and outside the presence of his counsel. "The rule that once a lawyer has entered the proceedings in connection with the charges under investigation, a person in custody may validly waive the assistance of counsel only in *106 the presence of a lawyer breathes life into the requirement that a waiver of a constitutional right must be competent, intelligent and voluntary”. (39 NY2d, at p 484 [emphasis added].) It is on this basis only that I vote to reverse the order of the Appellate Division.
Chief Judge Breitel and Judges Gabrielli, Jones, Fuchs-berg and Cooke concur with Judge Wachtler; Judge Jasen concurs in a separate opinion.
Order reversed, plea vacated, defendant’s statement suppressed, the case restored to its prepleading status, and the case remitted to Supreme Court, New York County, for further proceedings on the indictment.